UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM HAROLD WRIGHT, JR.,
    Petitioner,
v.

UNITED STATES OF AMERICA,
    Respondent.
_____

Case No. 8:21−cv−2691−KKM−SPF
Case No. 8:16-cr-422-KKM-SPF

**ORDER**

    A prior order denies as meritless Petitioner William Harold Wright, Jr.'s Amended Motion under 28 U.S.C. § 2255 to vacate his convictions for conspiring to possess and possessing heroin and his sentence of 300 months. (Civ. Doc. 58.) A judgment was entered in favor of the United States and against Wright, and this action was closed. (Civ. Doc. 59.)

    After a judgment was entered, Wright moved for leave to file a motion, exceeding the page limit, for reconsideration of the Court's order denying his § 2255 motion. (Civ. Doc. 60.) The Court denied that motion in an endorsed order ruling that "[b]ecause the Court is well apprised of the facts and applicable law that governs, additional pages are unwarranted." (Civ. Doc. 61.)

    Wright now seeks reconsideration of the Court's orders in three filings. In a letter addressed to the Clerk, Wright requests permission to file a corrected motion for reconsideration under Rule 59(e), Federal Rules of Civil Procedure, that comports with the Middle District of Florida Local Rules. (Civ. Doc. 62.) However, under Local Rule 3.01(j), "[a] party must not use a letter, email, or the like to

request relief or to respond to a request for relief." Therefore, the Clerk must **STRIKE** the letter. (Civ. Doc. 62.)

In a motion filed April 6, 2023, Wright seeks permission to file a Rule 59(e) motion for reconsideration of the denial of his § 2255 motion and moves the Court to reopen this action. (Civ. Doc. 63.) The motion is **GRANTED IN PART AND DENIED IN PART**. The motion is granted to the extent that the Rule 59(e) motion for reconsideration (Civ. Doc. 64), discussed *infra*, is deemed properly filed. The motion is otherwise denied. This action shall not be reopened because reconsideration of the denial of the § 2255 motion is unwarranted.

In a second motion filed April 6, 2023, Wright seeks reconsideration of the denial of his § 2255 motion. (Civ. Doc. 64.) He argues that: (1) the Court failed to address his claim that it constructively amended the indictment when it altered the essential elements of the charged offenses (*Id*. at 3–7); (2) the United States relied on materially false testimony to convict him (*Id*. at 7–11); (3) the Court miscalculated the sentencing guidelines range because it relied on materially false testimony (*Id*. at 12–15); (4) the Court erred in refusing to consider his proposed claim of ineffective assistance of counsel (*Id*. at 16–23); and (6) the Court erred in denying his motions for summary disposition (*Id*. at 24–25).

A party cannot use a Rule 59(e) motion to "relitigate old matters [or] raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla*., 408 F.3d 757, 763 (11th Cir. 2005). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

2

The Court addressed and rejected all of Wright's claims after conducting a careful review of the briefs and the record. In its order denying relief under § 2255, the Court ruled that: (1) Wright's claim that the indictment was constructively amended was procedurally barred. (Civ. Doc. 58 at 7–9); (2) Wright's claim that the United States relied on materially false testimony to convict him lacked merit (*Id*. at 9–12); and (3) Wright's claim that the Court miscalculated the sentencing guidelines range was not cognizable (*Id*. at 12–14). As explained in prior orders, Wright failed to properly raise a claim of ineffective assistance of counsel. (Civ. Docs. 48 and 51.) And, summary disposition of Wright's claims was inappropriate. (Civ. Docs. 17, 22, 24, 29, 44.)

Wright neglects to present either newly discovered evidence that shows that he is entitled to relief under § 2255 or a manifest error of law or fact in the Court's order denying relief under § 2255. Instead, Wright reargues the merits of the claims he asserted in his § 2255 motion. Because Wright attempts to "relitigate old matters," *St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, 5 F.4th 1235, 1246 (11th Cir. 2021) (quotations omitted), the Court **DENIES** the Rule 59(e) motion for reconsideration. (Civ. Doc. 64.)

**ORDERED** in Tampa, Florida on April 10, 2023.

Kathryn Kimball Mizelle
United States District Judge

3