UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM HAROLD WRIGHT, JR.,
    Prisoner,

v.

Case No. 8:21-cv-2691–KKM–SPF
Case No. 8:16-cr-422-KKM-SPF

UNITED STATES OF AMERICA,
    Respondent.

_____

**ORDER**

    An earlier order denied William Harold Wright, Jr.'s motion under 28 U.S.C. § 2255 to vacate his convictions and 300-month sentence for conspiring to possess and possessing heroin. (Civ. Doc. 58.) Wright appealed the district court's final order and judgment, and the circuit court dismissed his appeal for lack of jurisdiction as untimely. (Civ. Doc. 83 at 3.)

    Wright now files a "Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6)." (Civ. Doc. 90.) He argues the district court violated *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (*en banc*), when it found that Ground Two of his § 2255 motion was procedurally barred. He contends "the district court did not address [his] claim that the district court constructively amended the indictment because it impermissibly broadened the scope of the indictment." (Civ. Doc. 90 at 10–11.) According to Wright, the district court "misconstrued" Ground Two as a claim that "by denying his motion to dismiss the indictment for

insufficiently informing him of the conspiracy charged against him, the district court constructively amended the indictment." (*Id*. at 11.) The district court's failure to analyze his constructive amendment claim, Wright argues, constitutes a *Clisby* error that requires dismissal of the criminal indictment. (*Id*. at 15.)

Federal Rule of Civil Procedure 60(b) allows a party in a civil proceeding to seek relief or reopen a final judgment or order for reasons such as mistake, newly discovered evidence, or, as relevant, here for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). To obtain relief under Rule 60(b)(6), a movant must "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). "Such circumstances will rarely occur in the habeas context." *Id*. "Whether to grant a Rule 60(b) motion is generally 'a matter for the district court's sound discretion.'" *Chan v. United States*, No. 22-12179, 2024 WL 748662, at *2 (11th Cir. Feb. 23, 2024) (quoting *Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014)).[1]

---

[1] In habeas cases, "Rule 60(b) may not be used to circumvent the prohibition on filing successive motion to vacate without permission from [the circuit court]." *United States v. Glenn*, No. 24-10465, 2024 WL 5001905, at *1 (11th Cir. Dec. 6, 2024) (citing *Gonzalez*, 545 U.S. at 532). However, a Rule 60(b) motion is not successive if it attacks "some defect in the integrity of the federal habeas proceeding." *Gonzales*, 545 U.S. at 532. By alleging a *Clisby* error, Wright's motion alleges such a defect, and therefore, the district court has jurisdiction to decide the motion. *See Padilla v. Smith*, 53 F.4th 1303, n.41 (11th Cir. 2022) ("When a Rule 60 motion attacks the substance of the federal court's resolution of a petition's claim on the merits, as opposed to a defect in the integrity of the habeas

2

"*Clisby* requires a federal district court to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § [2255], regardless whether habeas relief is granted or denied.'" *Senter v. United States*, 983 F.3d 1289, 1291 and n.4 (11th Cir. 2020) (quotations omitted) (applying the principle announced in *Clisby* to claims raised in a § 2255 motion). "[T]o satisfy *Clisby*, a district court must simply resolve a petitioner's claim to an extent that makes it amenable to a meaningful review on appeal." *Id*. (citing *Long v. United States*, 626 F.3d 1167, 1170 (11th Cir. 2010)).

In its final order, the district court correctly identified Wright's claim in Ground Two when it listed the six grounds for relief he advanced in his § 2255 motion. *See Senter*, 983 F.3d at 1295 ("It may be best practice for a district court to follow a 'show your work' approach by directly restating a movant's claim and then laying out all analytical steps in addressing that claim."). The district court listed Ground Two as a claim "that the district court constructively amended the indictment." (Civ. Doc. 58 at 3.)

Next, the district court sufficiently addressed Wright's claim in Ground Two when it found that the claim was procedurally barred (*id*. at 7–9):

---

proceeding, it is not truly a Rule 60 motion—it is a successive habeas petition."); *see also McKathan v. United States*, No. 22-14002, 2023 WL 6210908, at *3 (11th Cir. Sept. 25, 2023) (quoting *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007)) ("The [district] court has jurisdiction to decide the [Rule 60(b)] motion to the extent it's 'confined to a nonmerits aspect of the § 2255 proceedings.'").

Wright claims that the indictment was deficient because it failed to specify the location of the charged conspiracy or name his co-conspirators and because it provided an "open-ended" date for the conspiracy. (Civ. Doc. 4 at 5; Civ. Doc. 5 at 12–14; Civ. Doc. 37 at 5–8.) He argues that, by denying his motion to dismiss the indictment for insufficiently informing him of the conspiracy charged against him, the district court constructively amended the indictment. (*See generally, id*.)

The United States contends (correctly), (Civ. Doc. 20 at 15), that this claim is procedurally barred because the appellate court resolved the claim against Wright. "A procedural bar prevents a defendant from raising arguments in a § 2255 proceeding that he raised and [the appellate court] rejected on direct appeal." *Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2022) (citing *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014)).

Before trial, Wright moved to dismiss the indictment, arguing that it failed to specify the location of the conspiracy or name his co-conspirators and also because it provided an "open ended" date for the conspiracy. (Crim. Doc 65.) The district court denied the motion, concluding that "the indictment alleges the essential elements of the charged offenses, adequately notifies [Wright] of the charges, and enables him to rely on any judgment entered under the Indictment as a bar against double jeopardy." (Crim. Doc. 77 at 3–4.)

On appeal, Wright repeated this challenge to the indictment, and the appellate court rejected it, concluding, "Wright's indictment was sufficient as to the conspiracy charge even though it did not

4

specify a location narrower than the Middle District of Florida and did not list his co-conspirators by name." *Wright*, 825 F. App'x at 679. The appellate court found that the indictment "was not open-ended" but rather "provided enough notice to Wright of the dates of the alleged conspiracy to 'conform[] to minimal constitutional standards." *Id*. (quoting *United States v. Varkonyi*, 645 F.2d 453, 456 (5th Cir. Unit. A 1981)).

Wright's claim that the district court constructively amended the indictment is procedurally barred. The appellate court specifically addressed and rejected the claim that the conspiracy charged in the indictment was deficient because it failed to inform Wright of the charged conspiracy. Consequently, the Court declines to consider the merits of the claim. *See, e.g.*, *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal."); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994) (concluding that the "district court properly refused to substantively address the [§ 2255 petitioner's] remaining contentions" that the appellate court "already rejected*");* *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981) ("This Court is not required on § 2255 motions to reconsider claims of error raised and disposed of on direct appeal.").

Wright fails to show that extraordinary circumstances justify the reconsideration or reopening of the district court's final order and judgment. Despite Wright's assertions to the contrary, the district court committed no

5

*Clisby* error by misconstruing his claim. Wright alleges that the district court "impermissibly broadened the scope of the indictment." (Civ. Doc. 90 at 11.) This wording is another way of alleging that the indictment was constructively amended (by the denial of the motion to dismiss) because it neglected to allege the essential elements of the charged offenses. The district court did not misconstrue the claim, but rather, restated Wright's claim in "an effort to get to the root of the problem." *See Senter*, 983 F.3d at 1294 (concluding that the district court "correctly identified the claim before it, and its reframing of the claim did not violate *Clisby*"). Wright's Rule 60(b)(6) motion (Civ. Doc. 90) is **DENIED**. [2]

Finally, Wright submits yet another motion for recusal. (Civ. Docs. 91 and 92.) He presents the same grounds for recusal that the district court already considered and rejected in its prior orders. (Civ. Docs. 31, 35, 38, 40, 55, and 58.) Again, he presents no meritorious basis for recusal, as disagreement with a legal ruling does not establish impartiality by the district court. Wright's motion for recusal (Civ. Doc. 91) is **DENIED**.

---

[2] The Rule 60(b)(6) motion fails for the additional reason that it is untimely. "Rule 60(c) imposes deadlines on Rule 60(b) motions. All must be filed 'within a reasonable time.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting Fed. R. Civ. P. 60(c)). Wright's motion was filed more than two years after the district court denied his § 2255 motion and more than one year after the circuit court dismissed his appeal as untimely. Such delay is unreasonable because the information Wright needed to submit this Rule 60(b)(6) motion was available to him when the district court denied his § 2255 motion. *See Merilien v. Warden*, No. 23-12501, 2024 WL 4442007, at *1 (11th Cir. Oct. 8, 2024) (affirming that the petitioner's Rule 60(b) motion was untimely when it was filed years after the district court entered final judgment on his § 2254 petition).

This case remains closed.

**ORDERED** in Tampa, Florida, on July 1, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge